Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NAKESSE Q. ARMSTRONG,

                Plaintiff,

v.

PATRICIA MCGILL, *et al.*,

                Defendants.

Civil Action No. 25-2083 (JXN)(MAH)

**OPINION**

**NEALS**, District Judge

    Before the Court is *pro se* Plaintiff Nakesse Q. Armstrong's ("Plaintiff") civil rights Amended Complaint ("Amended Complaint")[1], filed pursuant to 42 U.S.C. § 1983 (ECF No. 2-1), and an application to proceed *in forma pauperis* (ECF No. 1-2). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Amended Complaint.

    The Court must now review the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim opon which relief may be granted.

---

[1] Plaintiff filed an initial Complaint in this matter. (ECF No. 1.) Before the Court had the opportunity to screen the initial Complaint, Plaintiff filed a Motion to Amend (ECF No. 2) with the attached Amended Complaint. (ECF No. 2-1.) The Court will grant the Motion to Amend and now screens the Amended Complaint.

I. **BACKGROUND**[2]

Plaintiff, an inmate confined in Bayside State Prison, in Leesburg, New Jersey, filed an initial Complaint in this matter. (ECF No. 1.) Prior to the Court's screening of the Complaint, Plaintiff filed a Motion to Amend (ECF No. 2) and an Amended Complaint. (ECF No. 2-1.) The Amended Complaint seeks to raise claims against (1) Warden Patricia McGill ("McGill"); (2) Special Investigation Division ("SID") Officer Grade; and (3) Correctional Officer Sergeant Rundecker ("Rundecker"). (*See generally* ECF No. 2.) The Amended Complaint raises the following claims: (1) a § 1983 supervisory liability claim against Defendant McGill for violating his Eighth Amendment rights; and (2) a § 1983 Eighth Amendment failure to protect claim against Defendants Grade and Rundecker. (*See id.*)

According to the Amended Complaint, on October 5, 2022, Plaintiff was "the victim of a brutal attempted sexual assault and battery by an inmate at Northern State Prison."[3] (*Id.* at 1, 6.) The Amended Complaint submits that "because [] prior incidents with this attacker had occurred, prison officials were aware of the demeanor and mind-set of the assaulter Mr. Mark Royal." (*Id.* at 4.) Plaintiff alleges that Defendants Grade and Rundecker failed to "act on their knowledge of a potential substantial risk of serious harm to Plaintiff." (*Id.* at 9.) Plaintiff claims that based on Defendants Grade and Rundecker's failure to act, Plaintiff was "viciously assaulted and received serious physical injuries as well as emotional and mental injuries." (*Id.* at 9-10.) Plaintiff claims that Defendant McGill has "prior knowledge conveyed to her by way of records and prior history

---

[2] The Court construes the factual allegations of the Amended Complaint as true for the purposes of this screening only.

[3] The facts alleged appear to have taken place in Northern State Prison. While the Amended Complaint does not clarify when Plaintiff was housed at Northern State Prison, for the purposes of this Opinion, the Court assumes Plaintiff was incarcerated there prior to his current place of confinement, Bayside State Prison.

records of the attacker," and she should "have known further information [was required] before housing said inmate with anyone." (*Id.* at 2.) Finally, Plaintiff claims that the assault was the result of "lack of policies and procedures." (*Id.* at 10.)

Plaintiff seeks injunctive and declaratory relief, along with monetary damages. (*Id.* at 12-14.)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

In the Complaint, Plaintiff alleges Defendants are liable to him under 42 U.S.C. § 1983 because Defendants Grade and Rundecker failed to protect Plaintiff in violation of his Eighth Amendment rights; and Defendant McGill is liable to him based on a theory of supervisory liability for a violation of his Eighth Amendment rights. (*See generally* ECF No. 2-1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

4

Here, the Court construes Plaintiff's Amended Complaint to allege claims for relief against Defendants McGill, Grade, and Rundecker.

### A. Failure to State a Claim

#### 1. Eighth Amendment Deliberate Indifference Claim- Failure to Protect

Plaintiff raises Eighth Amendment failure to protect claims against Defendants Grade and Rundecker. (*See generally* ECF No. 2-1.) Plaintiff alleges that Defendants Grade and Rundecker acted with deliberate indifference because, based on prior incidents, prison officials were aware of the demeanor and mind-set of the inmate who assaulted Plaintiff. (*Id.* at 4.) Plaintiff alleges that Defendants Grade and Rundecker failed to "act on their knowledge of a potential substantial risk of serious harm to Plaintiff." (*Id.* at 9.)

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted). To establish a failure to protect claim, inmates must demonstrate that (1) they are "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official acted with "deliberate indifference" to their health and safety. *Brown v. Maxwell*, No. 23-1480, 2024 WL 1209517, at *2 (3d Cir. Mar. 21, 2024) (quoting *Farmer*, 511 U.S. at 834). "'[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.'" *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)). "Actual knowledge can exist where 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and where 'circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it.'" *Bracey v. Pennsylvania Dep't of Corr.*, 571 F. App'x 75, 78 (3d Cir. 2014) (cleaned up).

The Amended Complaint fails to state a plausible Eighth Amendment failure to protect claim against Defendants Grade and Rundecker. Plaintiff makes vague allegations against these Defendants. Plaintiff claims that based on "prior incidents," Defendants were aware of the inmates "mindset." (ECF No. 2-1 at 4.) Plaintiff argues that Defendants failed to act on their "knowledge" of a potential risk of serious harm to Plaintiff. (*Id.* at 9.) These vague allegations do not support a plausible claim that Defendants Grade and Rundecker disregarded an excessive risk of harm because there are no allegations that they were involved in the decision to place Plaintiff in a cell with an inmate that they actually knew was dangerous. (*Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (to establish an Eighth Amendment claim, plaintiff must show defendant's deliberate indifference to the risk). Plaintiff fails to plead any facts regarding his fellow inmate's prior incidents, nor does he plead facts to show how Defendants Grade and Rundecker were made aware of these alleged prior incidents. Even if assuming arguendo, Defendants Grade and Rundecker were aware of the inmate's past, there are no facts alleged to show that they knew that this inmate was a risk to Plaintiff. Accordingly, the claims against Defendants Grade and Rundecker for deliberate indifference are not plausible and will be dismissed without prejudice for failure to state a claim under § 1915A(b)(1).

    **2. Supervisory Liability Claim- Eighth Amendment Deliberate Indifference**

Plaintiff alleges that Defendant McGill, as Warden of Northern State Prison, is liable because of the lack of policies and procedures to prevent the attack on Plaintiff. (ECF No. 2-1 at 10.) Plaintiff claims that Defendant McGill had "prior knowledge" through his fellow inmate's records and Defendant "should have known" there was a possibility of "issues between the attacker and [Plaintiff]." (*Id.* at 2.) Plaintiff alleges that Defendant McGill should have obtained further information prior to placing this inmate with anyone. (*Id.*)

6

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff fails to state a plausible claim for relief for failure to protect against Defendant McGill as a supervisor. Plaintiff again makes a vague allegation that Defendant McGill had prior knowledge of his fellow inmate's records. Plaintiff does not state facts regarding what information Defendant McGill had knowledge of. Additionally, the Amended Complaint is devoid of facts to show Defendant McGill knew or should have known that the inmate posed an excessive

risk of harm to Plaintiff. Plaintiff has thus failed to show Defendant McGill's direct involvement in the harm here as he has not pled facts, rather than unsupported assertions, showing that McGill was sufficiently aware of the danger to Plaintiff and was deliberately indifferent to said risk. *Parkell v. Markell*, 622 F. App'x. 136, 139 (3d Cir. 2015); *see also Iqbal*, 556 U.S. at 678 (unadorned conclusions or bald assertions insufficient to state a claim for relief).

Plaintiff likewise provides no factual support for his allegation that the attack was the result of the lack of policies or procedures. Plaintiff has neither alleged facts regarding the policies that were in place which would show that they were insufficient, nor has he alleged that Defendant McGill adopted policies or procedures that resulted in the attack. Plaintiff identifies no actual policies or practices, nor does he explain his conclusory allegation that the attack on him was the result of the lack of policies or procedures. Plaintiff provides conclusory allegations without supporting facts as to Defendant McGill's supervisory liability. Accordingly, this claim must be dismissed without prejudice for failure to state a claim. *Parkell*, 622 F. App'x. at 139; *see also Iqbal*, 556 U.S. at 678.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) and Motion to Amend (ECF No. 2) are **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 2-1) is excepted for filing. The Amended Complaint (ECF No. 2-1) is **DISMISSED without prejudice**. The Court shall give Plaintiff thirty (30) days to file a second amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: July 11, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge